**Alma MILBY, Appellant**

v.

**GREATER PHILADELPHIA HEALTH ACTION; Cynthia Williams Fordham; Linda Powell, Dr.**

No. 08–2865.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) May 14, 2009.

Opinion filed: July 27, 2009.

---

Andrew D. Cotlar, Esq., Cotlar & Cotlar, Doylestown, PA, for Appellant.

Luther E. Weaver, III, Esq., Philadelphia, PA, for Appellee.

Before: AMBRO and ROTH, Circuit Judges and FISCHER *, District Judge.

## OPINION

FISCHER, District Judge.

Alma Milby contends that defendants Greater Philadelphia Health Action ("GPHA"), the Honorable Cynthia Williams Fordham, and Dr. Linda Powell, discriminated against her on the basis of age, in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Cons.Stat. § 951 *et seq.* She appeals the District Court's grant of summary judgment in favor of defendants. We will affirm.[1]

## I.

Because we write only for the parties, we will recite only those facts necessary to our disposition.[2] This dispute concerns GPHA's decision to not hire Milby as its Board Assistant. During the summer and fall of 2005, GPHA interviewed four candidates to fill the vacant position. On November 9, 2005, GPHA hired Yvonne Mapp, a thirty-five-year-old woman, instead of Milby, who was fifty-seven years-old at the time. Milby alleges that defendants did not hire her because of her age.

## II.

To succeed on the disparate-treatment claims Milby has asserted under the ADEA and PHRA, she "must prove by a preponderance of the evidence ... that age was the 'but-for' cause of" defendants' decision to not hire her.[3] *Gross v. FBL Fin. Servs., Inc.,* — U.S. —, 129 S.Ct. 2343, 2351–52, 174 L.Ed.2d 119 (2009). In examining whether Milby's claims could survive defendants' summary judgment motion, the District Court applied the familiar *McDonnell Douglas* framework.[4] Milby does not dispute the propriety of that decision. *See Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 142, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000) (analyzing an ADEA claim under the

* Honorable Nora Barry Fischer, United States District Judge for the Western District of Pennsylvania, sitting by designation.

1. The District Court had jurisdiction over Milby's claims under 28 U.S.C. §§ 1331, 1367. We have jurisdiction under 28 U.S.C. § 1291.

2. Unless otherwise noted, the factual matter contained in this opinion is undisputed.

3. "The same legal standard applies to both the ADEA and the PHRA and therefore it is proper to address them collectively." *Kautz v. Met–Pro Corp.,* 412 F.3d 463, 466 n. 1 (3d Cir.2005).

4. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

*McDonnell Douglas* framework when the parties agreed that applying the framework was proper); *cf. Gross,* 129 S.Ct. 2343, 2349–51 (citing *Reeves* as a decision in which the burden of proving "but-for" causation by a preponderance of the evidence was placed on the plaintiff).

Under the *McDonnell Douglas* framework,

> an employee must first establish a prima facie case of discrimination, after which the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for its adverse employment decision. If the employer articulates one or more such reasons, the aggrieved employee must then proffer evidence that is sufficient to allow a reasonable finder of fact to find by a preponderance of the evidence that the employer's proffered reasons are false or pretextual.

*Fasold v. Justice,* 409 F.3d 178, 184 (3d Cir.2005) (internal citations omitted). The District Court found that Milby established a prima facie case of age discrimination.[5] After examining the evidence the parties set forth on the issue of defendants' alleged legitimate, nondiscriminatory reasons for not hiring Milby, the Court concluded that Milby failed to demonstrate the existence of a genuine issue of material fact as to whether defendants engaged in proscribed age discrimination. Consequently, the Court granted summary judgment in favor of defendants.

## III.

We apply *de novo* review to the District Court's grant of summary judgment. *Tomasso v. Boeing Co.,* 445 F.3d 702, 705 n. 3 (3d Cir.2006). As such, "we must view the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion." *Fasold,* 409 F.3d at 180 (quoting *Pa. Coal Ass'n v. Babbitt,* 63 F.3d 231, 236 (3d Cir.1995)) (internal quotation mark omitted). To survive a summary judgment motion under the circumstances presented in this case, Milby must "either (i) discredit[ ] the proffered reasons [for the adverse employment action], either circumstantially or directly, or (ii) adduc[e] evidence, whether circumstantial or direct, that discrimination was more likely than not a motivating or determinative cause of the adverse employment action." *Fuentes v. Perskie,* 32 F.3d 759, 764 (3d Cir.1994) (emphasis omitted).

Milby contends that she has set forth evidence that satisfies both prongs of this standard. First, she argues that she has sufficiently demonstrated that defendants' asserted reasons for not hiring her are false or pretextual. To make such a showing, Milby was required "to present evidence contradicting the core facts put forward by the employer as the legitimate reasons for its decision." *Kautz v. Met–Pro Corp.,* 412 F.3d 463, 467 (3d Cir.2005). We find that Milby has not introduced evidence that casts doubt upon defendants' "core" assertions that they hired Mapp instead of Milby because Mapp possessed an associate's degree and a history of long-term employment.

Milby also alleges that the District Court ignored direct evidence of the defendants' discriminatory animus in choosing not to hire her. We have reviewed the record and conclude that Milby has not adduced evidence, direct or circumstantial, as to discriminatory animus on the part of defendants in not hiring her that is sufficient to withstand defendants' summary judgment motion.

## IV.

In sum, we find that Milby failed to demonstrate that a genuine issue of mate-

---

**5.** Although defendants disagree with that ruling, they do not challenge it.

rial fact exists as to whether her age was the "but-for" cause of defendants' decision to not hire her. Accordingly, we will affirm the District Court's order granting summary judgment in favor of defendants.